# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Stacy L. Brodders,

          Plaintiff,

v.

Sodexo, Inc., et al.,

          Defendants.

No. CV 24-03537-PHX-MTM

**REPORT AND RECOMMENDATION**

TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the Court is Plaintiff's First Amended Complaint. (Doc. 9.) This Report and Recommendation is filed pursuant to General Order 21-25.[1] Plaintiff filed his

---

[1] General Order 21-25 states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee ….

1  original Complaint and Application for Leave to Proceed In Forma Pauperis in December
2  2024. (Docs. 1, 2.) The Complaint was presented on the form provided by the District Court
3  for filing a civil case, and named seven Defendants who appeared to work in the restaurant
4  industry at Grand Canyon University. (Doc. 1.) Plaintiff checked the boxes on the form
5  alleging claims pursuant to Title VII of the Civil Rights Act and Americans with
6  Disabilities Act. (*Id.*) Plaintiff alleged various forms of discriminatory conduct, including,
7  termination of employment, failure to accommodate, unequal terms and conditions of
8  employment, and retaliation. (*Id.*) Plaintiff alleged that Defendants discriminated against
9  him based on his race, color, national origin, and disability. (*Id.*)

10  Upon screening, the Court stated that "[d]espite checking the various boxes on the
11  form Complaint, Plaintiff fails to identify facts or connect any allegations to any Defendant,
12  or indicate how any of the Defendant's actions give rise to civil liability." (Doc. 8.) The
13  Court dismissed the Complaint, and gave Plaintiff 21 days to file an amended complaint.
14  (*Id.*)

15  Thereafter, Plaintiff filed his Amended Complaint on the form provided by the
16  District Court for filing a complaint, naming the same seven Defendants. (Doc. 9.) Plaintiff
17  checked the boxes on the form alleging claims pursuant to Title VII of the Civil Rights Act
18  and Americans with Disabilities Act. (*Id.*) He alleges various forms of discriminatory
19  conduct, including, termination of employment, failure to accommodate, unequal terms
20  and conditions of employment, and retaliation. (*Id.*) Plaintiff alleges that Defendants
21  discriminated against him based on his disability. (*Id.*) Although Plaintiff fails to provide
22  any facts in section provided on the form complaint, he attaches 20 pages of documents
23  stating that "all allegations can be proven through Veterans Administration, lawyers, and
24  Sodexo documentations, emails, and pay statements of misrepresentation of pay
25  discrepancies." (Doc. 9-1.)

As this Court has previously advised, with respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

    (A)    the allegation of poverty is untrue; or

    (B)    the action or appeal –
(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully").

Rule 8 also "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint

1  does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling
2  v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be
3  dismissed where it lacks a cognizable legal theory, lacks sufficient facts to support a
4  cognizable legal claim, or contains allegations disclosing some absolute defense or bar to
5  recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988);
6  *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

7  The Court finds that Plaintiff's Amended Complaint fails to identify any facts or
8  connect any allegations to any Defendant, or indicate how any of the Defendant's actions
9  give rise to civil liability.

10 The ADA provides that no employer "shall discriminate against a qualified
11 individual on the basis of disability in regard to . . . discharge of employees . . . and other
12 terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112(a). An employer
13 engages in unlawful discrimination under the ADA by "not making reasonable
14 accommodations to the known physical or mental limitations of an otherwise qualified
15 individual with a disability[.]" 42 U.S.C. § 12112(b)(5)(A); *see Snapp v. United Transp.
16 Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("The ADA treats the failure to provide a
17 reasonable accommodation as an act of discrimination if the employee is a qualified
18 individual[.]"). An employer has a duty to engage in an interactive process with a disabled
19 individual to identify reasonable accommodations, *see Dunlap v. Liberty Nat. Prods., Inc.*,
20 878 F.3d 794, 799 (9th Cir. 2017), and the failure to do so constitutes unlawful
21 discrimination if a reasonable accommodation would have been possible, *see Snapp*, 889
22 F.3d at 1095.

23 To establish an ADA discrimination claim, a plaintiff must show that (1) she is
24 disabled; (2) she is a qualified individual, meaning she can perform the essential functions
25 of her job; and (3) the defendant failed to provide a requested reasonable accommodation,
26 failed to engage in an interactive process where a reasonable accommodation would have
27 been possible, or terminated the plaintiff because of her disability. *See id.*; *Kennedy v.
28 Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996); *Sanders v. Arneson Prods., Inc.*, 91

F.3d 1351, 1353 (9th Cir. 1996); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

Similarly, Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case for Title VII discrimination, plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Once again, Plaintiff's Amended Complaint contains only checked boxes and brief, incoherent statements, which are insufficient facts to support any legitimate claim against Defendants. Accordingly, the Court will recommend that Plaintiff's Amended Complaint be dismissed for failure to state a claim. Furthermore, the Court finds the deficiencies in the Amended Complaint cannot be cured by amendment and will recommend that Plaintiff's Amended Complaint be dismissed without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly,

IT IS THEREFORE RECOMMENDED that Plaintiff's Amended Complaint (Doc. 9) be dismissed without leave to amend.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the objections. Failure to timely object to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely object to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of August, 2025.

_Michael T. Morrissey_
Honorable Michael T. Morrissey
United States Magistrate Judge